

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIRECT COMMUNICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 2386 |
| ) | |
| HORIZON RETAIL ) | Judge Ruben Castillo |
| CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Direct Communications, Inc. ("Direct") alleges that Defendant Horizon Retail Construction, Inc. ("Horizon") breached a contract and violated the Illinois Consumer Fraud and Deceptive Business Practice Act ("Deceptive Practices Act" or "Act"), 815 Ill. Comp. Stat. 505/1-505/12. Horizon requests that we dismiss or stay this entire case pursuant to the *Colorado River* doctrine. Alternatively, it requests that we dismiss the Deceptive Practices Act claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and under Federal Rule of Civil Procedure 9(b) for failure to allege fraud with particularity and that we dismiss the breach of contract claim under Federal Rule of Civil Procedure 12(e). (*Id.*) For the reasons provided below, we partially grant and partially deny Horizon's motion. (R. 10-1.)

## RELEVANT FACTS

Direct sells mobile phones and related technologies. (R. 1, Compl. ¶ 1.) On June 4, 2003, Direct entered into a contract with Horizon, a general contractor, to make improvements—such as carpeting, painting and installing lights—to sixteen stores. (*Id.* ¶¶ 3, 5.) Horizon agreed to use specific materials and to complete the various improvements by specific dates. (*Id.* ¶¶ 11, 12.)

Direct claims that Horizon breached the contract because it knew that it would not be able to make the contracted improvements either when the contract was signed or sometime thereafter, unilaterally changed the agreed-upon designs, and made improvements that did not conform to the contract. (*Id.* ¶¶ 16-17.) Direct claims that Horizon also breached the contract because it over-billed, failed to meet deadlines, and failed to have a sufficient number of workmen on the job. (*Id.* ¶ 7.) Before Direct filed its complaint in this case, Horizon had already filed six breach of contract actions in state court to foreclose on mechanics liens it had levied against six of Direct's stores. (R. 11, Def.'s Mem. at 2.) Direct claims that these mechanics liens constitute an additional breach of contract because they were excessive. (R. 1, Compl. ¶ 7.) Finally, Direct claims that Horizon's fraudulent statements and actions violated the Deceptive Practices Act. (*Id.* ¶ 22.)

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim. *Johnson v. Rivera*, 272 F.3d 519, 520-521 (7th Cir. 2001). This Court accepts as true the well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). This Court will only dismiss a claim if it appears "beyond doubt that the plaintiff cannot prove any set of facts" in support of his claim which would entitle him to relief. *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001) (citing *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).

A motion for a more definite statement under Rule 12(e) is intended only to clear up confusion and not to replace traditional discovery. *Dick Corp. v. SNC-Lavalin Constructors,*

*Inc.*, No. 04 C 1043, 2004 WL 2967556, at *12 (N.D. Ill. Nov. 24, 2004). This Court will only grant a rule 12(e) motion if a pleading is so "vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).[1]

## ANALYSIS

### I. The Deceptive Practices Act

Direct avers that Horizon violated the Deceptive Practices Act because it knew, either at the time of contracting or sometime thereafter, that it could not fulfill its contractual obligations, unilaterally changed the agreed-upon designs, and made improvements to Direct's stores that did not conform to the contract. (R. 1, Compl. ¶¶ 16-19.) The Deceptive Practices Act prohibits the use of "[u]nfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce." 815 Ill. Comp. Stat. 505/2. "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person."[2] 815 Ill. Comp. Stat. 505/10a(a).

The Deceptive Practices Act, however, "does not apply to every situation where the only actual controversy is whether an isolated breach of contract occurred." *Lake County Grading Co. of Libertyville, Inc. v. Advance Mech. Contractors, Inc.*, 654 N.E.2d 1109, 1115 (Ill. App. Ct. 1995) (citing *Century Universal Enters., Inc., v. Triana Dev. Corp.*, 510 N.E.2d 1260, 1270 (Ill.

---

[1] For the reasons provided below, we have not included the legal standards for Horizon's Rule 9(b) motion.

[2] "The term 'person' includes any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof . . . ." 815 Ill. Comp. Stat. 505/1(c).

3

App. Ct. 1987)). "Indeed, if litigants could invoke the Act merely by alleging an intentional or fraudulent breach of a contract, common law breach of contract actions would be supplemented in every case with an additional and redundant remedy under the Act." *Lake County*, 654 N.E.2d at 1116; *see also First Comics, Inc., v. World Color Press, Inc.*, 884 F.2d 1033, 1039 (7th Cir. 1989) (warning that without such a limitation, the Act "would likely supplant many common law breach of contract and fraud cases, something the Illinois legislature surely did not intend"). Therefore, "where a plaintiff attempts to allege a violation of the Act in a case which appears on its face to involve only a breach of contract, the relevant inquiry is 'whether the alleged conduct implicates consumer protection concerns.'" *Id.* (citing *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 546 N.E.2d 33, 41 (Ill. App. Ct. 1989)). In order to establish this consumer nexus, the plaintiff must allege that the conduct involved trade practices that were directed to the market generally or that otherwise implicated consumer protection concerns. *Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996).

Direct asserts that it does not need to establish this consumer nexus because it is a consumer of Horizon's services. (R. 13, Pl.'s Resp. at 2.) Direct's argument has been repeatedly rejected by this district court. For example, in *IFC Credit Corp. v. B. Braun Medical, Inc.*, No. 03 C 8815, 2004 WL 2921870, at *1 (N.D. Ill. Dec. 15, 2004) (footnotes omitted), Judge Shadur cogently and accurately stated that the argument that:

> the fact that the claim involves a business that is a consumer of another business' goods suffices to bring it within the ambit of the Act without any further showing that consumer protection concerns are implicated . . . flies in the face of previous pronouncements by this Court (*see, e.g., Scarsdale Builders, Inc. v. Ryland Group, Inc.*, 911 F. Supp. 337, 340 (N.D. Ill.1996)) and–more importantly–by our Court of Appeals (*Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996)) that a showing of "consumer nexus" is required to state a claim under the Act.

4

Only three years ago plaintiffs in *DRL Enters., Inc. v. ePartners, Inc.*, 173 F. Supp. 2d 818, 819-20 (N.D. Ill. 2001) advanced the same contention that [the plaintiff] now proffers and were rebuffed by this Court. Nor has the argument gained strength with the mere passage of time. For its claim to survive, then, [the plaintiff] must satisfy the Act's consumer nexus requirement.

Thus, like the plaintiff in *IFC*, Direct must satisfy the consumer nexus requirement.[3]

Direct has not even attempted to satisfy the consumer nexus requirement. In neither its complaint nor its response brief did it allege or argue that Horizon's conduct involves trade practices directed to the market generally or otherwise implicates consumer protection concerns. Direct has only alleged a fraudulent breach of contract, which is not actionable under the Deceptive Practices Act. *See Lake County*, 654 N.E.2d at 1115-16. Therefore, we grant Horizon's motion to dismiss Direct's Deceptive Practices Act claim.[4]

## II. The *Colorado River* Doctrine

Horizon argues that the Court should dismiss, or alternatively, stay this action pursuant to the *Colorado River* doctrine. This doctrine provides that a federal court may refrain from exercising its jurisdiction in the interests of wise judicial administration because of a concurrent state action. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). To properly apply this doctrine, we must perform a two-part analysis. *Clark v. Lacy*, 376 F.3d

---

[3] *See also Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 579 (7th Cir. 2004) (stating that "the fraud [must] be of sufficient magnitude to be likely to affect the market generally"); *Athey Prods.*, 89 F.3d at 436-437 (stating that claims under the Act must meet the consumer nexus test ); *First Comics*, 884 F.2d at 1038 (stating that the plaintiff had to show that the defendant's conduct injured consumers generally; *but see Skyline Int'l Dev. v. Citibank, F.S.B*, 706 N.E.2d 942, 946 (Ill. App. Ct. 1998) (stating that "as long as the plaintiff, whether a business entity or a person, is a consumer, it need only show a personal injury caused by the fraudulent or deceptive acts").

[4] As we have dismissed this claim, we need not address Horizon's Rule 9(b) particularity argument.

682, 685 (7th Cir. 2004). First, we must determine whether the concurrent state and federal actions are parallel. *Id.* If the actions are parallel, we must then determine whether exceptional circumstances justify the surrender of this Court's jurisdiction.[5] *Id.*

Concurrent suits are considered to be parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum" and there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* at 686. Under this definition, the state actions filed by Horizon are not parallel to this case. It is unlikely that the pending state litigation will dispose of all of the claims presented in this case because the pending state litigation concerns six properties and this case concerns sixteen properties. Because we find that the concurrent legal proceedings are not parallel, we can conclude, without balancing all of the various factors, that *Colorado River* abstention is not warranted in this case. Accordingly, we deny Horizon's abstention request.

## III. Federal Rule of Civil Procedure 12(e)

Horizon also claims that Direct should be required to amend its breach of contract claim under Rule 12(e). (R. 11, Def.'s Mem. at 14.) This rule states that a party may move for a more definite statement if a pleading is "so vague or ambiguous that a party cannot reasonably be

---

[5] To determine exceptional circumstances, this court must consider the following ten factors:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Id.*

required to frame a responsive pleading." Fed. R. Civ. Pro. 12(e). Rule 12(e) motions are generally disfavored; plaintiffs must only recite the relevant, basic contents of the agreements and the pertinent parties to survive a Rule 12(e) motion on a contract claim. *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 724 (N.D. Ill. 1998).

Direct alleged that it entered into the relevant contract with Horizon on or about June 4, 2003. (R. 1, Compl. ¶ 5.) Direct explained that the contract was for improvements to its stores, including carpeting, painting, and installing lights. (*Id.*) Direct alleged the cost of renovating each store, as well as the location of each store. (*Id.* ¶ 6.) Thus, Direct has sufficiently identified the basic contents of the agreement as well as the relevant parties. Moreover, Horizon has already accused Direct of breaching this contract in state court so is keenly aware of the relevant contract. Thus, we deny Horizon's Rule 12(e) motion for a more definitive statement.

## CONCLUSION

For the reasons provided above, we dismiss Direct's Deceptive Practices Act claim (Count II) with prejudice because Direct failed to satisfy the consumer nexus requirement. We otherwise deny Horizon's motion to dismiss. Accordingly, we partially grant and partially deny Horizon's motion to dismiss. (R. 10-1.) The parties are directed to exhaust all remaining settlement possibilities for this dispute, in light of this opinion, prior to the next status hearing, which will be held in open court on August 30, 2005 at 9:45 a.m.

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated: August 9, 2005**

7